**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| RONALD A. McINTYRE, | : | **CIV. ACTION NO. 17-140 (RMB)** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| GERALDINE COHEN, *et al.*, | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's filing of a prisoner civil rights complaint (Compl., ECF No. 1), accompanied by an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP App." ECF No. 1-2), pursuant to 28 U.S.C. § 1915. Plaintiff's affidavit of poverty establishes his financial eligibility for IFP status, and his application will be granted.

Plaintiff is a prisoner confined in the Atlantic County Justice Facility. (Compl., ECF No. 1.)  He brings this civil action seeking monetary damages for alleged violation of his constitutional right of access to the courts while housed at the Atlantic County Justice Facility ("ACJF").  (<u>Id.</u>)

1

28 U.S.C. § 1915 and § 1915A require the court to review a prisoner's civil rights complaint.  Upon such review, the Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); § 1915A(b).

II. DISCUSSION

    A.   <u>The Complaint</u>

Plaintiff brings this civil action against Geraldine Cohen, warden of Atlantic County Justice Facility; Frank Formica, Freeholder Chairman; Dennis Levison, Freeholder Executive; and the State of New Jersey.  (Compl., ECF No. 1.)  Plaintiff alleges the following facts in support of his Complaint.  On November 22, 2016, Plaintiff requested access to the law library at AJCF to research the legality of his sentence.  The following day, he was informed a written document that he did not have physical access to the law library.  Instead, he was required to request specific information, and it would be sent to him.

A housing officer told Plaintiff the facility did not have a law library that was accessible to prisoners.  Plaintiff exhausted his grievances by sending the grievances to Defendants Cohen, Formica and Levison.  Plaintiff asserts that the denial of access to a law

library hindered his ability to adequately contest his illegal sentence; and the inability to contest his sentence resulted in loss of custody of his youngest child, as well as his extended separation from his family.  For relief, Plaintiff seeks monetary damages.

   B.   Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

 "[A] court must accept as true all of the allegations contained in a complaint."  Id.  A court need not accept legal conclusions as true.  Id.  Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at

679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

    C.    Analysis

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

    1.    Sovereign Immunity

The Eleventh Amendment protects a state from a lawsuit against it brought in federal court by one of its own citizens, unless

Congress abrogates the state's immunity or the state waives its immunity. Thorpe v. New Jersey, 246 F. App'x 86, 87 (citing MCI Telecom. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001); Edelman v. Jordan, 415 U.S. 651, 663 (1974)). Section 1983 does not abrogate the immunity of the states, nor has the State of New Jersey waived its Eleventh Amendment immunity. Id. (citing Quern v. Jordan, 440 U.S. 332, 340-41 (1979)). Therefore, the Court will dismiss Plaintiff's claim against the State of New Jersey with prejudice.

    2.   Right of Access to the Courts

Prisoners have a right of access to the Courts under the First and Fourteenth Amendments. Bounds v. Smith, 430 U.S. 817, 821 (1977). However, there is no "freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). The right of access does not require "that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." Id. at 354. An adequate law library is only one of many acceptable ways to satisfy the right of access to courts. Diaz v. Holder, 532 F. App'x 61, 63 (3d Cir. 2013.) For example, the right can be satisfied by appointing an attorney or providing the assistance of paralegals. Id.

5

To state a claim, an inmate must show the alleged shortcomings in the library or legal assistance program "hindered his efforts to pursue a legal claim." Id. at 351. In other words, there is an actual injury requirement for a right of access to courts claim. Id. at 351-52. Examples of actual injuries include dismissal of a complaint or the inability to bring a complaint due to inadequacies of the law library. Id.

> Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'-that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit."

Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008)(quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)).

Plaintiff's claim fails for two reasons. First, his claim assumes there is a freestanding right to independent access to a physical law library. There is not.

Even assuming Plaintiff could allege facts indicating that ACJF's system for requesting legal materials is inadequate, he has not pled a sufficient injury to state a claim. Plaintiff describes his sentence as "illegal," but he has not described a nonfrivolous claim he could have presented to challenge his sentence but for the

6

inadequacy of the legal assistance at ACJF.  Furthermore, Plaintiff has not disclosed whether counsel was appointed to challenge his sentence on direct appeal, which would satisfy his right of access to the courts at that stage of litigation.  See Peterkin v. Jeffes, 855 F.2d 1021, 1046 (3d Cir. 1988) ("prisoners must be permitted to produce evidence that counsel are not available and that the prisoners must rely on other means of legal assistance to gain adequate and meaningful access to the courts") (citations omitted).

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the claim against the State of New Jersey with prejudice, and dismiss the remaining claims without prejudice.

An appropriate Order follows.

DATED: February 22, 2017                s/ Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **UNITED STATES DISTRICT JUDGE**

7